UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| LLOYD KELLEY § | |
|     Plaintiff, § | |
| § | |
| VS. § | Civil Action No. _____ |
| § | |
| RANDALL SORRELS and § | |
| SORRELS LAW § | |
| § | **JURY REQUESTED** |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff Lloyd Kelley complaining of Randall Sorrels and the Sorrels Law firm ("Defendants") and would show the Court as follows:

## RELATED CASES

Plaintiff would inform the Court that this case is related to Kelley v. Saenz et al, **4:22-cv-2175** Kelley v. Lanzetti, **4:22-cv-2168** and Steadfast Holdings 829, Inc. v. 2017 Yale Development, LLC, **4:22-cv-00905**.

## SUMMARY

1. This is an action to enforce the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, and the Texas Civ. Prac. & Rem. Code § 123.002 et seq. (civil enforcement of Texas Penal Code § 16.02).

2. Defendants have violated the law : (1) Intentionally intercepting, attempting to intercept, or having someone intercept a wire, oral, or electronic communication; (2) Intentionally disclosing or attempting to disclose to another person the contents of an illegally obtained

1

wire, oral, or electronic communication; and/or (3) Intentionally using or attempting to use the contents of an illegally obtained wire, oral, or electronic communication.

3. Certain Defendants also defamed Plaintiff by making untrue accusations that Plaintiff was "deranged" and a "liar" and that Plaintiff had lied to courts.

## PARTIES

3. Lloyd Kelley is a citizen of Texas.

4. Defendants' names, residences and address for service of process is set forth below:

   1. Randall Sorrels
      5300 Memorial Dr Suite 270
      Houston, Texas 77007

   2. Sorrels Law by serving its principal Randal Sorrels
      5300 Memorial Dr Suite 270
      Houston, Texas 77007

## JURISDICTION

5. The Court has jurisdiction as claims in this suit are based upon a federal question; the Electronic Communications Privacy Act, 18 U.S.C. §§25102521.

## STATEMENT OF ECPA CLAIM

6. Plaintiff represents clients including Jetall Companies, 2017 Yale Development, LLC and Ali Choudhri ("Clients"). Randall Sorrels previously represented Mr. Choudhri in a case against Plaintiff and is aware of the nature of Mr. Choudhri's businesses.

7. A former employee of Plaintiff's Clients, Chris Wyatt, stole corporate files including electronic communications and secretly recorded oral phone communications between

2

Plaintiff and Ali Choudhri. Defendants through their lawyers Christopher Ramey and Scott Breitenwischer received the illegal recordings of Plaintiff's conversations with Plaintiff's Clients and then proceeded to publish them continuously in an attempt to "launder" them.

8. Randall Sorrels individually and on behalf of his firm entered into a written conspiracy with Chris Ramey and Timothy Trickey to "hunt" Plaintiff and Mr. Choudhri, Mr. Sorrrels former client. As part of the conspiracy, Mr. Sorrels obtained the 'Wyatt tapes" discussed below and published in his web "post" that he was listening to the tapes provided to him by Chris Ramey and Mr. Sorrels added his commentary as to his version of the meaning of the tapes. Mr. Sorrels made no attempt to contact his former client Mr. Choudhri to determine how such private attorney-client communications could have been in the possession of Chris Ramey.

9. Prior to Chris Ramey or Randall Sorrels a copy of said tapes, Clients had sued Chris Wyatt and a restraining order regarding the confidential company information had been entered. Upon information and belief Defendants were aware of said restraining order because they obtained the tapes from Omar Kawaja, Chris Wyatt's lawyer in that case. Upon information and belief, as part of their written contract with Chris Ramey, Defendants were aware that Chris Wyatt was a former employee of Clients and that Chris Wyatt was not a participant on any of the conversations. Further, Defendants knew from public filings that Clients had denied any consent to record said conversations. Defendants knew Plaintiff was the lawyer for Clients from his own prior experience representing Mr. Choudhri in a fee dispute. Defendants have also engaged in years of litigation attacking Plaintiff and

even tried to force Mr. Choudhri not to settle with Plaintiff as part of Defendants malic towards Plaintiff.

10. It was a violation of federal and state law for Chris Wyatt to record and then disseminate the pone conversations between Plaintiff and his Clients. Under state law, the penalty is a felony.

11. Defendants through their lawyers have repeatedly disclosed or attempted to disclose to other persons the contents of an illegally obtained wire, oral, or electronic communication. Such acts violate the federal and state law. The Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521 prohibits the intentionally disclosing or attempting to disclose to another person the contents of an illegally obtained wire, oral, or electronic communication.

12. Defendants were warned that the tapes of the private communications between Plaintiff and Choudhri were unlawfully obtained. However, Defendants intentionally ignored the state court litigation and ignored the fact that Wyatt is nowhere on the tapes thus not a party to any of the conversations. Defendants were aware that Wyatt was an employee of Jetall and as such owed a fiduciary duty to that company. Defendants aided and abetted the breach of Wyatt's fiduciary duty by publishing the emails and private conversations publicly. Part of Defendants written agreement with Chris Wyatt and Timothy Trickey was to attack Plaintiff and part of their tactic was to obtained such illegal tapes which were altered to attack and embarrass Plaintiff.

13. Such acts are criminal in Texas and Texas provides for civil relief under Texas Civ. Prac. & Rem. Code § 123.002 et seq. (civil enforcement of Texas Penal Code § 16.02).

14. 18 U.S. § 2515 provides that whenever any wire or oral has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority… of a State or a political subdivision thereof if the disclosure of that information would be in violation of this chapter.

15. Plaintiff seeks a declaration that the Wyatt stolen electronic information and illegally taped conversations may not be used by any of the Defendants or their agents, or agencies or used in any court proceeding or other government or quasi-government proceeding. Plaintiff seeks damages for each use of the unlawfully obtained material against each Defendant for each use or attempted use.

16. Unless Defendants and their agents are restrained, they will continue to violate the law.

### **TORTIOUS INTERFERENCE  WITH A CONTRACT AND PROSPECTIVE BUSINESS RELATIONS**

17. Plaintiff re-alleges and by reference incorporate all allegations in the preceding paragraphs.

18. Pleading additionally, or in the alternative, to recover for tortious interference with an existing contract, Plaintiff had existing contract with Alvarez constituting a valid contract subject to interference; (2) Defendants committed willful and intentional acts of interference, including deliberately inducing Alvarez to breach that contract; (3) these acts and others were the proximate cause of the Plaintiff's damages; and (4) that actual damage or loss occurred.

19. In the instant case, Defendants willfully and intentionally interfered with valid contracts between Plaintiff and David Alvarez and D&A Alvarez

Group, LLC (hereinafter "Alvarez").

Defendants entered into a conspiracy with Chris Ramey to tortiously interfer with the attorney fee agreement Plaintiff had with Alvarez. Defendants entered into a conspiracy with Chris Ramey to use the forced Alvarez false testimony in which Alvarez admits to criminal acts. After Defendants no longer represented Alvarez, Defendants tried to thwart the settlement and prospective business relation between Alvarez and Plaintiff. Defendants went so far as to write and ex-parte letter to Judge Miller and indicate that the non-suit with prejudice that Alvarez had filed should be withdrawn and that Trickey should be removed as representing Alvarez for filing such a non-suit. Defendants in writing alleged that Trickey was either too old or medically disabled. Again, Sorrels referred to his position as State Bar President.

20. Defendants acts through their agents made performance impossible or more burdensome, difficult or expensive, which was the proximate cause of
Plaintiff's actual damages and loss.

## DEFAMATION

21. Plaintiff re-alleges and by reference incorporate all allegations in the preceding paragraphs.

22. Defendants published false statements about Plaintiff (ii) that was defamatory (iii) while acting with either actual malice, or negligence, regarding the truth of the statement.

23. Defendants through their agents published false statements about Plaintiff (ii) that was defamatory (iii) while acting with either actual malice, or negligence, regarding the truth of the statement.

24. Defendant Randall Sorrels published a statement to over 5000 Texas lawyers that he obtained in part in his capacity as State Bar President. In that publication Sorrells defamed

Plaintiff by calling him "deranged" and a liar and stated that Plaintiff had lied to courts. Sorrels statement was made with malice because later in private he sent an email to Timothy Trickey that Plaintiff was "an extremely skilled" lawyer. Thus, Sorrels knew the defamatory statements against Plaintiff were false and intended to injury Plaintiff in his profession.

25. Sorrels made the remarks on behalf of his law firm, Sorrels Law. As such, Sorrels Law is equally responsible.

26. Plaintiff made demand that Sorrels retract the defamatory statements and Sorrels refused and instead denied making the statements.

27. Plaintiff has been harmed by the defamatory statement published on the web and directly to over 5000 lawyers across the state of Texas. Sorrels indicates on his publications he is the former president of the State Bar of Texas giving extra defamatory effect to the publication.

28. As part of the malice, Defendants pursued a frivolous lawsuit that was barred by the statute of limitations and numerous release agreements as well as based on false facts that Defendants partner, Chris Ramey, had fabricated. Later, David Alvarez confessed and admitted the declarations that he had signed had been drafted by Chris Ramey were false. Chris Ramey committed the offense of subordination of perjury. Knowing the facts were false, Sorrels tried to pursue the frivolous case by hiding the true information from the Court and arbitrator under the outrageous claim that Chris Ramey and Defendants had some sort of "attorney-client" privilege that shielded the lies that David Alvarez was pressured to swear to under oath.

7

29. Defendants took $100,000 from David Alvarez and they after they realized the case was frivolous on numerous grounds, Defendants dropped the client and withdrew leaving Timothy Trickey as the only lawyer to face sanctions and malpractice for pursuing Plaintiff in such a case.  Plaintiff and Trickey began to discuss settlement and Sorrels reappeared and threatened Trickey to force David Alvarez to speak with him without counsel present.  Mr. Trickey has stated that Sorrels threatened him and told him that he was the State Bar President and that he would turn Trickey into the Bar and go after his license as mentally unable to practice if he did not let him talk to Alvarez or if Alvarez dismissed his actions against Plaintiff.  When Trickey put Alvarez on the email sting with Sorrels, it was clear that Alvarez did not want to speak with Sorrels.

30. However, that was not the end of Sorrels exerting his malice.  Sorrels sent a draft lawsuit targeting Michell Fraga and informed Trickey he should file the lawsuit despite the fact that the statute of limitations had clearly run and despite the fact the basis of the lawsuit was frivolous.  Instead, Sorrels tried to "trick" Trickey into filing the lawsuit against Fraga because in the words of Sorrels, "it would exert maximum leverage" if done immediately.  The leverage would be to exert pressure in the pending actions against Plaintiff.  This is an example of Sorrels having no limit on his malice that he would attack another lawyer to get at Plaintiff knowing any such lawsuit was frivolous.

31. Defendants willfully and intentionally interfered with valid contracts between Plaintiff and David Alvarez and D&A Alvarez Group, LLC (hereinafter "Alvarez").
    While Plaintiff represented Alvarez, Defendants' agents tortiously interfered with the attorney fee agreement Plaintiff had with Alvarez.

32. Defendants defamed Plaintiff by direct false accusations and by innuendo.

33. Defendants entered into the written agreement with Chris Ramey to accuse Plaintiff of being involved in a "fraudulent enterprise."

34. As part of the conspiracy, Chris Ramey on behalf of Defendants accused Plaintiff of criminal conduct and of engaging in conduct constituting a felony.

35. Defendants defamed Kelley by innuendo. Defendants accused Plaintiff of being a "pretend" lawyer and making false statements to courts.

## CONSPIRACY

36. Plaintiff re-alleges and by reference incorporate all allegations in the preceding paragraphs.

37. Pleading additionally, or in the alternative, Plaintiff would show that Defendants was a member of a combination of two or more persons, the object of which was to accomplish an unlawful purpose, or a lawful purpose by unlawful means, the members had a meeting of the minds on the object or course of action, one of the members committed an unlawful, overt act to further the object or course of action, and the Plaintiff suffered injury as a proximate result of the wrongful act. Specifically, Defendants entered into a written agreement with Chris Ramey to attack Plaintiff and Choudhri.

38. Plaintiff re-alleges and by reference incorporate all allegations in the preceding paragraphs.

## AIDING AND ABETTING

39. Pleading additionally, or in the alternative, Plaintiff would show, the primary actors committed torts, the Defendants had knowledge that the primary actor's conduct constituted a tort, the Defendants had the intent to assist the primary actor in committing the tort, the Defendants gave the primary actor assistance or encouragement, and the Defendants' assistance or encouragement was a substantial factor in causing the tort.

## PRINCIPAL-AGENT LIABILITY

40. Plaintiff re-alleges and by reference incorporate all allegations in the preceding paragraphs.

41. Pleading additionally, or in the alternative, Plaintiff would show that Defendant Sorrels was acting as agent for the Sorrels Law and for Chris Ramey and that Chris Ramey was acting on behalf of Defendants and each other in making representations and signing agreements with Plaintiff.

## CONDITIONS PRECEDENT AND DAMAGES

42. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred. As a result of Defendants' aforementioned actions and misconduct, Plaintiff has suffered damages in excess of the minimum jurisdictional limits of this Court. Defendants' conduct has directly resulted in the damages to Plaintiff described in this Petition.

43. Plaintiff seeks recovery of reasonable attorney's fees pursuant to enforce the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, and the Texas Civ. Prac. & Rem. Code § 123.002 et seq. (civil enforcement of Texas Penal Code § 16.02) the Texas statutory regime set forth above, and otherwise as allowed at law or in equity and as otherwise plead for herein.

## APPLICATION FOR INJUNCTIVE RELIEF

44. Plaintiff moves this court to issue an injunction and permanently restrain and enjoin Defendants, including their officers, agents, employees, successors, attorneys, and all those in active concert or participation with them, from violating the Electronic Communications Privacy Act, 18 U.S.C. §§25102521, and the Texas Civ. Prac. & Rem. Code § 123.002 et seq. (civil enforcement of Texas Penal Code § 16.02).  Defendants and their agents should

be immediately enjoined from disclosing or attempting to disclose to another person the contents of any wire, oral, or electronic communication; and/or (3) using or attempting to use the contents of any wire, oral, or electronic communication between Plaintiff and his Clients.

45. The statutes provide for injunctive relief.

## PRAYER

WHEREFORE, Plaintiff prays that the Court enjoin Defendants from violating the law and from disclosing or attempting to disclose to another person the contents of any wire, oral, or electronic communication; and/or using or attempting to use the contents of any wire, oral, or electronic communication between Plaintiff and his Clients and that Plaintiff be awarded damages, punitive damages and attorney's fees as provided by law and for such other relief that Plaintiff may show himself entitled.

Plaintiff prays that the Court enter judgment in their favor and against Defendants and that Defendants have judgment of and against them for the following relief:

1. That the Court Issue a permanent injunction as plead for herein;

2. All actual, compensatory, and consequential damages of Plaintiff proven and supported by the Pleadings;

3. All punitive, statutory and exemplary damages and remedies against Defendants proven and supported by the Pleadings;

4. Prejudgment and post judgment interest as provided by law;

5. Attorney's fees;

6. Costs of suit;

7. Such other and further relief at law or in equity to which Plaintiff may be justly entitled.

DATED: March 5, 2023.

        Respectfully submitted,

        /s/ *Lloyd E. Kelley*
        LLOYD E. KELLEY
        State Bar No. 11203180
        2726 Bissonnet Ste 240 PMB 12
        Houston, Texas 77005
        Telephone: 281-492-7766
        Telecopier: 281-652-5973
        kelley@lloydekelley.com
        Pro-se